UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-23492-ELFENBEIN

**CHARMAINE FLOYD**,

    Plaintiff,

v.

**BETTY HOBSON**,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court on *pro se* Plaintiff Charmaine Floyd's Complaint ("Complaint"), ECF No. [1], and her Motion for Leave to Proceed *in forma pauperis* ("IFP Motion"), ECF No. [3]. After reviewing the pleadings, record, and relevant law, I recommend that the IFP Motion, **ECF No. [3]**, be **GRANTED,** and the Complaint, **ECF No. [1]**, be **DISMISSED WITHOUT PREJUDICE** pursuant to § 1915(e)(2)(ii).

### I.    BACKGROUND

The Complaint, which is contained on the Court's "Complaint for a Civil Case" form, sues Betty Hobson (the "Defendant") in the case caption and indicates that the basis for jurisdiction is a federal question. *See* ECF No. [1] at 1-2. In the section where Plaintiff must give the basis for federal question jurisdiction, Plaintiff wrote nothing. *See* ECF No. [1] at 3. The same holds true for the section where Plaintiff must identify any Defendant(s), her statement of claim, or any relief she is seeking. *See* ECF No. [1] at 3-5. The only other information included on the form complaint is Plaintiff's contact information and her signature. *See* ECF No. [1] at 1, 5. Along with the Complaint, Plaintiff submitted a civil cover sheet that describes her cause of action as "Marine"

Case 1:25-cv-23492-JEM   Document 4   Entered on FLSD Docket 08/05/2025   Page 2 of 6

CASE NO. 25-CV-23492-ELFENBEIN

under the contract category, "Marine" under the tort category, "Civil Detainee – Conditions of Confinement" under the prisoner petitions category, and "RSI" under the Social Security category. *See* ECF No. [1-1]. No other information was provided about Plaintiff's claims.

## II.    LEGAL STANDARDS

In most situations,[1] a plaintiff who initiates a civil action in this District must pay a filing fee of $405. *See* 28 U.S.C. § 1914(a); *Flannery v. USAA Gen. Indem. Co.*, No. 24-cv-14390, 2024 WL 5485793, at *1 (S.D. Fla. Dec. 23, 2024); Court Fees, U.S. Dist. Ct. for S.D. Fla., https://www.flsd.uscourts.gov/court-fees (last visited August 5 2025).  A plaintiff can avoid paying the filing fee by including along with the complaint a motion to proceed *in forma pauperis* ("IFP").  *See, e.g.*, 28 U.S.C. § 1915; *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004).  A plaintiff moving to proceed IFP must submit "an affidavit that includes a statement of all assets" the plaintiff possesses, a statement "that the person is unable to pay" the filing fees, "the nature of the action," and the "affiant's belief that" he or she "is entitled to redress."  *See* 28 U.S.C. § 1915(a)(1).[2]

If a plaintiff files a motion to proceed IFP and submits the required affidavit, the court must first determine whether "the statements in the affidavit satisfy the requirement of poverty" such that the "affidavit is sufficient on its face to demonstrate economic eligibility."  *See Martinez*, 364 F.3d at 1307 (quotation marks omitted).  An "affidavit addressing the statutory language should be accepted by the court, absent a serious misrepresentation, and need not show that the litigant is

---

[1] For an application for a writ of habeas corpus, the filing fee is $5.  *See* 28 U.S.C. § 1914(a).

[2] Though the plain language § 1915 appears to make its provision applicable only to prisoners, "the affidavit requirement applies to all persons requesting leave to proceed IFP."  *Martinez*, 364 F.3d at 1306; *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) ("Reasonable access to the courts is provided to indigent claimants by the in forma pauperis (IFP) statute, 28 U.S.C. sec. 1915 *et seq.*, which allows commencement of suits without payment of fees and court costs by a person who makes an affidavit that he is unable to pay the costs.").

absolutely destitute to qualify for indigent status under § 1915." *Id.* (quotation marks omitted). "Such an affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Id.* (footnote omitted).

If the affidavit is facially sufficient, the court should "docket the case and then proceed to the question of whether the asserted claim is frivolous." *Id.* (alteration adopted, quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2)(i) (instructing that a court must dismiss the case if the court "at any time . . . determines that . . . the action or appeal . . . is frivolous or malicious,"). A claim is frivolous if it "realistically has no better than a slight chance of success" or "lacks an arguable basis" in law or "in fact, for example, [by] asserting fantastic facts." *Clark v. State of Ga. Pardons & Paroles Bd.*, 915 F.2d 636, 640 n.1 (11th Cir. 1990). Section 1915(e) also requires the court to dismiss a complaint that "fails to state a claim on which relief may be granted." *See* 28 U.S.C. § 1915(e)(2)(ii). To state a claim for relief, a pleading "must contain" three substantive parts: (1) "a short and plain statement of the grounds for the court's jurisdiction," (2) "a short and plain statement of the claim showing that the pleader is entitled to relief," and (3) "a demand for the relief sought." *See* Fed. R. Civ. P. 8(a). Those substance requirements are aimed at ensuring that a complaint contains "sufficient factual matter, accepted as true," *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), to both "state a claim to relief that is plausible on its face" and "give the defendant fair notice of what the claim is and the grounds upon which it rests," *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) (alteration adopted, quotation marks omitted). Finally, § 1915(e) requires the court to dismiss a complaint that "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2)(iii).

And, of course, "[p]ro se pleadings are held to a less stringent standard than pleadings

drafted by attorneys and will, therefore, be liberally construed." *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003). "Still, once a *pro se* IFP litigant is in court, he is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." *Moon*, 863 F.2d at 837. And while "*pro se* pleadings are liberally construed and federal courts should look beyond the label of the pleadings to determine whether they are properly characterized, a court may not serve as *de facto* counsel for a party or rewrite a pleading." *United States v. Cordero*, 7 F.4th 1058, 1068 (11th Cir. 2021) (citations and quotation marks omitted).

### III. DISCUSSION

As explained above, evaluating a non-prisoner complaint when the plaintiff has filed a motion to proceed IFP instead of paying the filing fee is a two-step process. First, the Court must determine whether the statements in the IFP affidavit facially satisfy the requirement of poverty and demonstrate economic eligibility. *See Martinez*, 364 F.3d at 1307. Second, for those plaintiffs who satisfy the first step, the Court must screen the complaint to ensure that it is not frivolous or malicious, does not fail to state a claim, and does not seek monetary relief against a defendant who is immune. *See* 28 U.S.C. § 1915(e)(2). If the complaint fails to satisfy any one of these prongs, it is subject to dismissal. *Id.*

Plaintiff has satisfied the first step here. Based on her IFP affidavit averring she is "unable to pay the costs of these proceedings" and the financial information contained within the affidavit, the Court finds that, because of her poverty, she is unable to pay for the court fees and costs. *See Martinez*, 364 F.3d at 1307. Accordingly, the IFP Motion, **ECF No. [3]**, should be **GRANTED**.

Moving to the second step, the Court must decide if the Complaint is "frivolous or malicious"; "fails to state a claim on which relief may be granted"; or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C. § 1915(e)(2). Because the

Complaint fails to state a claim for relief, the Court need not analyze the other prongs, as the Complaint is due to be dismissed on this basis alone.

Liberally construed, the Complaint arguably meets only the first requirement of Rule 8(a) in that it asserts the Court has federal question jurisdiction by checking that box on the standard complaint form and the civil cover sheet. *See* ECF No. [1] at 3; ECF No. [1-1]; Fed. R. Civ. P. 8(a)(1). Yet, the Complaint does not identify the specific basis for federal question jurisdiction as no statutory grounds are identified. But even liberally construed, the Complaint also fails to include a short and plain statement of a claim showing Plaintiff is entitled to relief, *see generally* ECF No. [1]; ECF No. [1-1]; Fed. R. Civ. P. 8(a)(2), and fails to include "a demand for the relief sought," *see generally* ECF No. [1]; ECF No. [1-1]; Fed. R. Civ. P. 8(a)(3). As noted, the Complaint is devoid of any allegations against the Defendant. *See generally* ECF No. [1]. It does not explain the legal theory under which Plaintiff seeks relief, much less any facts supporting that legal theory.

Every complaint, whether filed by a *pro se* party or an attorney, must comply with the Federal Rules of Civil Procedure. *See Moon*, 863 F.2d at 837. Because the Complaint fails to comply with Rule 8 even under a broad reading, *see* Fed. R. Civ. P. 8(a)(2), and because the Court cannot rewrite the Complaint to save it, *see Cordero*, 7 F.4th at 1068 n.11, it is due to be dismissed under § 1915(e)(2)(ii) for failing to state a claim.

The Court also notes that this is the second time that Plaintiff files a Complaint against this same Defendant, and the last version of her Complaint contained the exact same defects as the current one *Compare* Case No. 25-CV-23138-RUIZ/Elfenbein, ECF No. [1] *with* Case No. 25-CV-23492-ELFENBEIN, ECF No. [1]. Her Complaint in the first-filed case was dismissed without prejudice. *See* Case No. 25-CV-23138-RUIZ/Elfenbein, ECF No. [9]. Given her failure

5

CASE NO. 25-CV-23492-ELFENBEIN

to correct the deficiencies in the current Complaint filed in this (second) case, **ECF No. [1]**, it is once again due to be **DISMISSED**.

IV. **CONCLUSION**

For the above reasons, I respectfully **RECOMMEND** that:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis*, **ECF No. [3]**, be **GRANTED**.

2. Plaintiff's *pro se* Complaint, **ECF No. [1]**, be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(ii).

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, before the assigned District Judge. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report, except on grounds of plain error if necessary in the interest of justice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers in Miami, Florida on August 5, 2025.

_____
**MARTY FULGUEIRA ELFENBEIN**
**UNITED STATES MAGISTRATE JUDGE**

cc:

Charmaine Floyd
1243 N.W. 100 Terrence
Miami, FL 33147
PRO SE